IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL H. RUSSELL,

          Plaintiff,

v.                                    Case No. 18-2144-KHV

KIEWIT CORPORATION, et al.,

          Defendants.

## ORDER

The plaintiff, Randall H. Russell, has filed a motion (ECF No. 42) seeking to compel supplemental discovery responses by the seven defendants in this age discrimination case. The primary defendant is Kiewit Energy Group, Inc. ("Kiewit Energy"), by which plaintiff was employed in a human-resources capacity during 2015 and 2016. Also named as defendants in this case are three corporate affiliates of Kiewit Energy (i.e., Kiewit Corporation, Kiewit Power Constructors Co., and Kiewit Engineering Group, Inc.), and three high-ranking employees of Kiewit Energy (i.e., David Flickinger (president), John Jennings (district manager), and Jason Hefley (human resources director)). Defendants oppose plaintiff's motion, arguing they have adequately produced responsive discovery and the additional requests are irrelevant, overbroad, and not proportional. For the reasons discussed below, plaintiff's motion is respectfully denied.

Background

Plaintiff alleges he was fired in retaliation for opposing age discrimination, disability discrimination, and FMLA violations in the workplace through his role in Kiewit Energy's human resources department.[1] Plaintiff's alleged protected activity occurred between January and April 2016, when he was fired.[2] Throughout the course of discovery, the parties have disputed the scope of electronically stored information ("ESI") related to documents and communications. As set forth in the court's original scheduling order, the parties were to confer regarding the storage and preservation of any electronic discovery.[3] Defendants proposed that the scope of electronic discovery would run from May 27, 2015 through April 22, 2016 and focus on specifically identified custodians using agreed and limited search terms. Plaintiff did not agree with these proposed limitations.[4]

The scheduling order set a deadline of September 21, 2018 for the parties to file a stipulated ESI protocol or a joint motion for the court to resolve any disputed issues,[5] but that did not happen, as the parties were involved in settlement negotiations during that time period. On February 7, 2019, the parties presented a summary of their unresolved ESI issues via e-mail to the chambers of the undersigned U.S. Magistrate Judge, James P. O'Hara. At the request of plaintiff's counsel, the court held an informal telephonic status

---

[1] ECF No. 1.

[2] ECF No. 42 at 1.

[3] ECF No. 17 at 7.

[4] *Id.* at 8.

[5] *Id.*

and allowed the parties to modify the deadlines in the scheduling order in light of ongoing discovery issues.[6] Since then, the parties have worked to narrow the discovery issues but have been unable to resolve all of them. The court requested that they brief the scope of their remaining discovery disputes, resulting in plaintiff's motion to compel before the court now.

Analysis

The Federal Rules of Civil Procedure provide the general limits on the scope of discovery. Although there's a presumption in favor of disclosure of information, discovery is limited to information that is "relevant to any party's claims or defense and proportional to the needs of the case."[7] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[8]

The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[9]

---

[6] *See* ECF No. 28.

[7] Fed. R. Civ. P. 26(b)(1).

[8] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

[9] Fed. R. Civ. P. 26(b)(1); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *1 (D. Kan. Mar. 15, 2018).

One central purpose of its inclusion is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."[10] In cases where ESI discovery is necessary, proportionality becomes particularly significant.[11]

Plaintiff's "PST" Files (Document Request No. 29)

Plaintiff moves to compel defendants to produce the e-mail file from his entire employment with defendants, specifically through his personal storage folders (.pst files), which plaintiff asserts would allow for a "more efficient search and evaluation of the alleged performance deficiencies in context with other communications."[12] Files in .pst format contain e-mails and other Microsoft Outlook data stored on a user's computer, including drafts, sent messages, contacts, appointments, tasks, notes, and journal entries.[13] Plaintiff further requests defendants produce all prior versions of this file (allegedly nine in total) to ascertain whether the files were altered or overwritten at any time during or after plaintiff's employment.[14]

The instant motion asserts: "The contents of plaintiff's .pst file [are] *reasonably calculated to lead to the discovery of admissible evidence* to counter defendant's 'poor

---

[10] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

[11] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 1440923, at *1.

[12] ECF No. 42 at 4.

[13] *See* "How to Manage .pst Files in Microsoft Outlook," https://support.microsoft.com/en-us/help/287070/how-to-manage-pst-files-in-microsoft-outlook (accessed June 4, 2019).

[14] *Id.* at 5.

4

performer' defense."[15] This assertion reflects plaintiff's fundamental misunderstanding of how Rule 26(b) was amended in 2015. Because of concerns the "reasonably calculated" language in older versions of Rule 26(b) "might swallow any other limitation on the scope of discovery," it has been abandoned.[16]

Opening plaintiff's arguments on this point, he obliquely implies that defendants' stated confidentiality and privilege concerns should be discounted by the court because an agreed protective order is on file (ECF No. 23). But plaintiff has the cart before the horse. Defendants shouldn't have to conduct a privilege review for any documents, let alone voluminous documents, unless plaintiff first makes some credible showing that the documents being reviewed are relevant to the parties' pleaded claims and defenses. Plaintiff has made no such showing here.

Plaintiff argues defendants have an unfair advantage by having access to e-mails that plaintiff cannot access. He argues it's proportional to allow him to "see all emails in context maintained in his own email folders"[17] because it "equalizes access."[18] Further, he argues that, under Fed. R. Civ. P. 26(b)(3)(c), these e-mails constitute his own statements and therefore production of those statements should be required.[19] Defendants oppose the

---

[15] ECF No. 42 at 4.

[16] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.*

5

request on the basis that it is overly broad and not proportional.[20]  Defendants assert they have searched for all terms requested by plaintiff, as well as many additional search terms not requested by plaintiff, and produced all responsive e-mails.[21]

The court agrees with defendants.  Rule 26(b)(3)(c) relates to a party's "own previous statement about the action or its subject matter."  To the extent plaintiff seeks his own e-mails related to this action, those were captured in the e-mails defendants produced in response to plaintiff's search terms, plus the additional terms defendants searched.[22] Conspicuously, plaintiff has not cited any authority for the proposition that Rule 26(b)(3)(C) requires the production of *all* statements plaintiff has ever made in an e-mail about *any* subject, such that his entire e-mail file during his tenure with Kiewit Energy must be produced.

Although plaintiff is entitled to request the production of files in .pst format, which are "generally associated with the Microsoft Outlook email program,"[23] Document Request No. 29 seeks the entire file for the "email account assigned to plaintiff during his employment with defendants."[24]  Plaintiff purports to address the "proportionality standpoint" by arguing the .pst file would allow him to more efficiently review the file.

---

[20] ECF No. 45 at 2.

[21] *Id.* at 3.

[22] *Id.* at 3.

[23] *Robinson v. City of Arkansas City, Kan.*, No. 10-1431-JAR-GLR, 2012 WL 603576, at *6 (D. Kan. Feb. 24, 2012).

[24] ECF No. 42-3 at 10.

But producing the entire PST is "simply requesting discovery regardless of relevancy,"[25] which most definitely is not the standard under the 2015 amendments to Rule 26(b). The language in Document Request No. 29 is not tied to plaintiff's protected activity or his employment with the company; rather, plaintiff requests the entire e-mail account during the entire length of his employment. That request is facially overly broad and not proportional. Plaintiff has not shown how every e-mail he has sent and received is relevant to this action, particularly in light of defendants' production of 775 documents from e-mail searches.[26] The court sustains defendants' objection to Document Request No. 29.

Plaintiff's Company-Issued iPhone (Document Request No. 28)

The court understands the parties have resolved their dispute over production of the data from plaintiff's company-issued iPhone.[27]

Scope of Discovery Searches

Plaintiff takes issue with the search methodology defendants have used and proposes a search method that elicits all data referencing plaintiff's name in any capacity. Then, plaintiff proposes "*if* there is a large of number of false hits, the parties [are] to confer on how to narrow the responsive information."[28] Plaintiff asserts that the search methods were "inefficient and incomplete attempts to comply with discovery," and that defendants

---

[25] *Banerjee v. Univ. of Tennessee*, No. 3:17-CV-526-HSM-HBG, 2019 WL 1062378, at *3 (E.D. Tenn. Mar. 6, 2019).

[26] ECF No. 45 at 3.

[27] *Id.* at 6.

[28] ECF No. 42 at 7.

7

"impermissibly withheld" responsive documents.[29] But plaintiff does not identify which documents remain withheld. Defendants assert they "reviewed and produced all non-privileged emails it yielded that were responsive to any other request or that were pertinent to the issues in the case."[30]

The court finds defendants have adequately responded to plaintiff's discovery requests. As one court has explained, "the Federal Rules of Civil Procedure require only a reasonable search for responsive information pursuant to a 'reasonably comprehensive search strategy.'"[31] The federal rules do not impose an obligation on a party "to examine every scrap of paper in its potentially voluminous files," particularly in an era "where vast amounts of electronic information is available for review."[32] Defendants have produced information with plaintiff's requested search terms, and defendants' search encompassed devices that were captured on the Mimecast system, which provides cloud-based e-mail management for security, archiving, and continuity.[33]

Plaintiff suggests throughout his motion that there are additional relevant e-mails that he "knows he wrote and received but which have not been produced."[34] Defendants

---

[29] ECF No. 48 at 2.

[30] ECF No. 45 at 6.

[31] *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019 WL 354972, at *11 (D. Kan. Jan. 29, 2019) (quoting *Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016)).

[32] *Id.*

[33] ECF No. 45 at 7. *See* https://www.mimecast.com/ (accessed June 4, 2019).

[34] ECF No. 42 at 6.

8

represent they'll produce specific, relevant e-mails if plaintiff identifies them,[35] and the court expects that defendants will honor that representation. But at this stage, there is no evidence that there is any additional relevant information defendants are withholding. Without such evidence, the court "cannot compel the production of documents have not been uncovered after a reasonable search."[36] If, at a later stage, it is revealed responsive documents exist but were intentionally not found or produced by defendants, plaintiff may pursue sanctions. Based on the record, that is not the case now. The court therefore denies plaintiff's request.

Discovery Requests to Additional Entities (Document Request Nos. 4, 23, and 24; Interrogatory No. 8)

Beyond just his employer, Kiewit Energy, plaintiff seeks additional discovery related to the affiliated defendants' stock plans (Document Request Nos. 23 and 24), other individuals' personnel files (Document Request No. 4), and other written complaints against all defendants regarding alleged discrimination (Interrogatory No. 8). Defendants, as the objecting parties, have the burden of showing how these discovery requests are objectionable.[37] Defendants object that the requests are overly broad and not proportional because they require searching through documents regarding issues and people unrelated

---

[35] ECF No. 45 at 6.

[36] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 11516516, at *2 (D. Kan. Nov. 20, 2014).

[37] *N.U. v. Wal-Mart Stores, Inc.*, No. 15-4885-KHV, 2016 WL 3654759, at *1 (D. Kan. July 8, 2016).

to this lawsuit.  Defendants contend plaintiff "is not entitled to a fishing expedition regarding other irrelevant employees, positions, and companies."[38]

Plaintiff then must demonstrate how these requests are not objectionable, which plaintiff has not done here.[39]  The court finds plaintiff's requests are not relevant or proportional to this case.  Plaintiff worked for one defendant, Kiewit Energy, and plaintiff does not contest that defendants have produced the responsive documents related to that entity.[40]  Defendants have agreed to produce personnel files for other employees of this entity, as well as discrimination claims made against it.[41]   Plaintiff has not shown that his requested broad information as to the other entities – including "all documents created or exchanged during year 2016 which were about the stock plan referenced in Paragraph 49 of Defendants' Answer,"[42]  "all documents created or exchanged during year 2016 which were about what employees should be nominated or selected for the stock plan,"[43]  and full personnel files of "any of Defendants' Human Resources employees whose employment ended within the last five years"[44]  is relevant to his individual claims in this case.  Plaintiff

---

[38] ECF No. 42 at 7.

[39] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 6025579, at *2.

[40] ECF No. 45 at 9.

[41] *Id.* at 9.

[42] ECF No. 42-3 at 8.

[43] *Id.* at 9.

[44] *Id.* at 3.

merely states defendants' objection to producing the information eliminates his ability to point to relevant evidence. That's not enough. Defendants' objections are sustained.

Additional Company Policies (Interrogatory No. 1)

Finally, plaintiff requests that defendants identify (and produce) policies related to the HR and IT operations of the defendants for whom plaintiff was not an employee (Interrogatory No. 1). Defendants produced the responsive HR policy and assert there are no additional policies relevant to plaintiff's position.[45] Further, plaintiff did not work in any IT department during his employment with defendants. Plaintiff argues he's entitled to discover the policies of the shared services among all defendant entities. But the scope of the request seeks "each handbook, policy and/or guidebook that governs or instruct[s] employees about basic standards, work expectations, and/or how to perform his or her job (including those that contain information about employee performance, discipline, discrimination, investigation of employee complaints) that was in use at any time in the last five years."[46] Producing any and all policies, most of which indisputably never applied to plaintiff, is irrelevant, overly broad, and not proportional to the needs of this lawsuit.

The bottom line is the court is unpersuaded the broad-ranging discovery plaintiff seeks via this motion is relevant to the parties' pleaded claims and defenses. And even assuming the requested discovery were deemed relevant in a very loose sense of the word, the discovery isn't proportional. Although some of the six proportionality factors in Rule

---

[45] ECF No. 45 at 10.

[46] ECF No. 42-5 at 3.

26(b)(1) arguably weigh in plaintiff's favor, the record simply doesn't support an inference that the requested discovery would be very important to resolving the issues in this case. In any event, extrapolating from the expenses already incurred, the expense of the proposed discovery would appear to be clearly outweighed by its nominal benefit.[47]

IT IS THEREFORE ORDERED that plaintiff's motion is denied. The court declines to award defendants any costs and fees related to this motion.

Dated June 4, 2019, at Kansas City, Kansas.

       s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[47] Defendants' search and review to date, not including attorney fees, "required approximately 210 hours at a cost of $4,650 in data storage and processing fees for the document review platform used by defendants' counsel." ECF No. 47 at 2.