IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL H. RUSSELL,

        Plaintiff,

v.                                           Case No. 18-2144-KHV

KIEWIT ENERGY GROUP, INC., et al.,

        Defendants.

## **ORDER**

Plaintiff moves to amend his complaint (ECF No. 95) to add factual allegations, including allegations related to defendants' handling of electronically-stored information (ESI) during discovery in this case. Defendants oppose the motion, arguing plaintiff's proposed amendments are futile and prejudicial. For the reasons set forth below, the motion is granted.

Analysis

The scheduling order provided for motions to amend to be filed by February 18, 2020.[1] After receiving an extension of time, plaintiff timely filed his motion to amend on February 25, 2020.[2] Some of his proposed amendments are minor clarifications or re-wordings of allegations previously in the complaint. The bulk of the proposed amendment

---

[1] ECF No. 87.

[2] ECF No. 94.

is a section of approximately 30 new allegations, essentially regarding the maintenance of ESI in this lawsuit and defendants' alleged failure to enact a legal hold on that information.[3]

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when justice so requires,"[4] which the Supreme Court has construed as a "mandate . . . to be heeded."[5] The decision whether to grant leave to amend a complaint is within the trial court's discretion and will not be disturbed absent an abuse of discretion.[6] A district court should refuse to leave to amend only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[8] In considering whether a proposed amendment is futile, the court uses the

---

[3] ECF No. 95.

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Braden v. Morgan & Assocs. PC*, No. 14-2273-EFM, 2014 WL 6750065, at *2 (D. Kan. Dec. 1, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[6] *Beach v. Mutual of Omaha Ins. Co.*, 229 F.Supp.2d 1230, 1233 (D. Kan. 2002) (citing *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

[7] *Braden*, 2014 WL 6750065, at *2; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[8] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859

same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[9] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to plaintiff, the court determines plaintiff has not presented a claim to relief that is plausible on its face.[10] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[11] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal, all allegations are considered to be true.[12]

The crux of the parties' disagreement here is whether the plaintiff's proposed amendments constitute a claim for spoliation, which defendants allege would be futile because spoliation claims are not permitted as independent torts under Kansas law. Plaintiff argues the allegations support the existing claims and do not constitute a separate spoliation claim. Adding factual allegations to support an existing claim to bolster the

---

(10th Cir. 1999); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[9] *Pedro v. Armour Swift-Eckrich*, 118 F.Supp.2d 1155, 1158 (D. Kan. 2000).

[10] *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 642–43 (D. Kan. 2017); *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11] *Twombly*, 550 U.S. at 555.

[12] *Id.* at 556.

claim will rarely render the claim futile.[13] "The court cannot look at the new factual allegations in a vacuum."[14] Rather, an amendment "need only make a statement of the claim and provide some factual support to withstand dismissal."[15]

The court has reviewed the proposed amended complaint and concludes the amendments do not assert any new claims. Based on the facts alleged here, and plaintiff's representation, the court agrees plaintiff does not intend to (and has not) set forth a spoliation claim.[16] The proposed allegations involve defendants' conduct immediately following plaintiff's termination, part of which does involve allegations about the maintenance of ESI related to plaintiff. Although the word "spoliation" is used in the allegations, plaintiff does not address the elements of spoliation in the complaint, and indeed, specifically asserts he is not asserting a spoliation claim.[17] In totality, the

---

[13] *Hawkins v. Bd. of Cty. Commissioners of Coffey Cty., Kansas*, No. 17-2687-KHV-ADM, 2019 WL 5622417, at *5 (D. Kan. Oct. 31, 2019) (holding newly-proposed factual allegations were part of an alleged pattern of harassment that the court had already concluded was sufficiently pled).

[14] *Id.*

[15] *Riley v. PK Mgmt., LLC*, No. 18-CV-2337-KHV-TJJ, 2019 WL 2994547, at *2 (D. Kan. July 9, 2019).

[16] Defendant argues no independent claim for spoliation exists under these circumstances. Kansas courts, though they have not recognized the tort of intentional spoliation of evidence by a third party, have left open the question of first-party intentional spoliation claims. For a comprehensive discussion of the issue, *see Gabb v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO*, No. 12-2597-JWL, 2013 WL 789506, at *2 (D. Kan. Mar. 4, 2013).

[17] ECF No. 101.

amendments go toward defendants' motive, intent, and behavior in the context of plaintiff's termination.[18] Nor does the court construe the allegations as a separate claim for retaliation, merely because the word "retaliation" is used in one of the allegations, as defendants contend.[19] In the light most favorable to plaintiff, the proposed allegations can be reasonably construed as supporting the FMLA and ADA claims already in the case.

Exercising its discretion, and recognizing defendants will have an opportunity to challenge the sufficiency of the new allegations through a later dispositive motion, the court will not deny plaintiff's proposed amendment on the basis of futility.[20]

Prejudice

Defendants bear the burden to demonstrate undue prejudice. Under Rule 15, undue prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[21] Although any amendment will

---

[18] *See Snyder v. Modern Maint., Inc.*, No. 10-CV-2230-EFM-GLR, 2010 WL 3951971, at *2 (D. Kan. Oct. 8, 2010) (concluding the amendments did not assert any new claims and added factual allegations to clarify existing claims, even if plaintiff was amending with allegations she may have known before filing her complaint).

[19] ECF No. 98.

[20] *Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018) ("Permitting the filing of the proposed amendment 'comports with the liberal amendment policy of Fed. R. Civ. P. 15(a).'").

[21] *Id.*

cause some prejudice, the standard here is whether it would "work an injustice to the defendants."[22]

The information added here is not outside conduct during the course of litigation that would be unlikely to be admissible.[23] Rather, although it is information that was later discovered, the events in question occurred in 2016, immediately after plaintiff was terminated and at defendants' workplace. Plaintiff alleges if he had been aware of the information "pertaining to defendants' handling of his employment data back at the time started," he would have alleged them in the original complaint.[24] The records that have been produced in discovery thus far may be used to add factual allegations in plaintiff's amended complaint.

Defendants argues granting the motion for leave would unnecessarily delay the case.[25] But this is not a situation where discovery is closed and dispositive motions have been filed.[26] Although defendants will be required to respond to additional allegations, the

---

[22] *Id.*

[23] *Cf. Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (affirming the district court's denial of a motion for leave to amend when the plaintiff's additional allegations involved defense counsel's conduct during the course of litigation and finding the supplemental allegations would not be admissible).

[24] ECF No. 101.

[25] ECF No. 98.

[26] *White v. The Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, No. CIV.A.07-2319-CM, 2008 WL 2139585, at *4 (D. Kan. May 20, 2008) (exercising its discretion to deny a motion to amend when the plaintiff sought to add a fraud claim after discovery had already closed).

court does not find responding to "at least 35 additional paragraphs"[27] constitutes an undue burden, particularly because the court does not agree these are immaterial allegations. Discovery is not slated to end until September 2, 2020,[28] and defendants are free to conduct discovery related to the additional allegations. Dispositive motions will not be filed until November 2, 2020, and trial is set for May 17, 2021.[29] Allowing the proposed amendment will not require the re-opening of discovery or re-setting of deadlines.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend (ECF No. 95) is granted. Plaintiff shall file his amended complaint by April 8, 2020.

Dated April 1, 2020, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge

---

[27] ECF No. 98.

[28] ECF No. 100.

[29] *Id.*