UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL H. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:18-cv-2144-KHV |
| | ) |
| KIEWIT ENERGY GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the court on plaintiff's motion to compel third-party Point Wireless Brokers, LLC ("eSquared") to respond to a subpoena served by plaintiff on August 24, 2020 (ECF No. 129). The motion is denied because it has been filed in the wrong court. Under Fed. R. Civ. P. 45(d)(2)(B)(i), a motion to compel compliance with a subpoena must be filed in "the district where compliance is required."[1]  The subpoena

---

[1] *See also* Rule 45(d)(1) (court for the district where compliance is required must enforce the issuer's duty to take steps to avoid imposing undue burden); Rule 45(d)(3)(B) (court for the district where compliance is required may, on motion, quash or modify a subpoena in certain instances); Rule 45(e)(2)(B) (a party who receives information produced in response to a subpoena over which a claim of privilege is asserted may present the information under seal to the court for the district where compliance is required for a determination of the claim); Rule 45(g) (providing for a finding of contempt for failure to comply with a subpoena by the court for the district where compliance is required).

commands eSquared to produce documents at the Reavey Law office in Kansas City, Missouri.[2] Because the place of compliance (i.e., Kansas City, Missouri) is not in the District of Kansas, this court cannot compel compliance with the subpoena or otherwise provide the relief requested by plaintiff. As such, the motion to compel compliance is denied without prejudice to refiling in the district where compliance is required.[3]

IT IS SO ORDERED.

Dated November 12, 2020, at Kansas City, Kansas.

                                                                    s/ James P. O'Hara  
                                                                    James P. O'Hara  
                                                                    U.S. Magistrate Judge

---

[2] ECF No. 129-2.

[3] The court suggests plaintiff's counsel confer with defense counsel about developing an agreed list (with names and phone/device numbers) of Kiewit employees terminated in March and April 2016 to address eSquared's concerns on that front and effectively eliminate the burden of complying with the disputed portions of the subpoena. Perhaps a measured approach could eliminate the expense of briefing this issue in another forum.